Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiff Tonisha Anderson*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Tonisha Anderson,<br><br>             Plaintiff,<br><br>v.<br><br>FMMR Investments Inc., d/b/a<br>Rapid Cash; and Kravitz, Schnitzer<br>& Johnson, Chtd.,<br><br>             Defendants. | Case No.: 2:17-cv-01965<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq. and NRS 604A**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

COMPLAINT                                             1

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

1  collection practices are not competitively disadvantaged, and to promote
2  consistent State action to protect consumers against debt collection abuses.

3  2.  Tonisha Anderson ("Plaintiff"), through counsel, brings this suit to challenge
4  the actions of FMMR Investments, Inc. d/b/a Rapid Cash ("Rapid Cash") and
5  Kravitz, Schnitzer & Johnson, Chtd. ("KSJ" and together with Rapid Cash as
6  the "Defendants") with regard to their attempts to unlawfully and abusively
7  collect a debt alleged owed by Plaintiff, causing Plaintiff harm.

8  3.  Plaintiff makes these allegations on information and belief, with the exception
9  of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which
10  Plaintiff alleges on personal knowledge.

11  4.  While many violations are described below with specificity, this Complaint
12  alleges violations of the statutes cited in their entirety.

13  5.  Unless otherwise stated, all the conduct engaged in by Defendants took place
14  in Nevada.

15  6.  Any violations by Defendants were knowing, willful, and intentional, and
16  Defendants did not maintain procedures reasonably adapted to avoid any such
17  violation.

18  7.  Unless otherwise indicated, the use of Defendants' name in this Complaint
19  includes all agents, employees, officers, members, directors, heirs, successors,
20  assigns, principals, trustees, sureties, subrogees, representatives, and insurers
21  of Defendants named.

22  **THE PARTIES**

23  8.  Plaintiff is a natural person who resides in the State of Nevada, County of
24  Clark, City of Las Vegas.

25  9.  Plaintiff is a natural person allegedly obligated to pay a debt, and is a
26  consumer as that term is defined by 15 U.S.C. § 1692a(3).

27  10.  Rapid Cash is a domestic corporation organized and existing by virtue of the
28  laws of the State of Nevada and registered with the Nevada Secretary of State.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

1   Rapid Cash conducts business in the State of Nevada, County of Clark, City

2   of Las Vegas.

3   11.   Upon information and belief, Rapid Cash's website is http://

4   www.speedycash.com.

5   12.   Rapid Cash is in the business of lending consumers high interest loans—

6   438.724% and 438.783% APR in this case.

7   13.   KSJ is a domestic professional corporation organized and existing by virtue of

8   the laws of the State of Nevada and registered with the Nevada Secretary of

9   State.  KSJ conducts business in Clark County, Nevada.

10  14.   Upon information and belief, KSJ's website is http://www.ksjattorneys.com.

11  15.   KSJ regularly conducts collection efforts on behalf of Rapid Cash, including

12  by filing debt collection lawsuits and collecting payments on behalf of Rapid

13  Cash.

14  16.   Defendants are persons who use instrumentalities of interstate commerce or

15  the mails in a business the principal purpose of which is the collection of

16  debts, or who regularly collect or attempt to collect, directly or indirectly,

17  debts owed or due or asserted to be owed or due another and are therefore a

18  debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19  **JURISDICTION AND VENUE**

20  17.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal

21  question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

22  18.   This action arises out of Defendants violations of the Fair Debt Collection

23  Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

24  19.   Rapid Cash is subject to personal jurisdiction in Nevada, as it conducts

25  business in Nevada and is listed with the Nevada Secretary of State as a

26  domestic corporation.

27

28

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

20. KSJ is subject to personal jurisdiction in Nevada, as it conducts business in Nevada and is listed with the Nevada Secretary of State as a domestic professional corporation.

21. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

22. At all times relevant, Defendants conducted business within the State of Nevada.

**FACTUAL ALLEGATIONS**

23. On or about May 27, 2016, and June 2, 2017, Rapid Cash offered Plaintiff two separate high-interest loans (the "Loans").

24. The Loans were "high interest loan[s]" as defined by NRS 604A.0703 because they bore an annual percentage rate of more than 40 percent—438.724% and 438.783%, respectively, in this case.

25. Plaintiff and Rapid Cash entered into two separate loan agreements (the "Loan Agreement" or "Loan Agreements").

26. Under one of the Loan Agreements, Rapid Cash loaned $200 to Plaintiff.

27. Under the Loan Agreement for the $200 loan, Plaintiff was required to make payments of $54.40 every two weeks, totaling $108.80 per month.

28. Under a second Loan Agreement, Rapid Cash loaned $1,020 to Plaintiff.

29. Under the Loan Agreement for the $1,020 loan, Plaintiff was required to make payments of $262.35 every two weeks, totaling $525.64 per month.

30. Thus, between June 2016 and August 2016, Rapid Cash sought payments of $634.44 per month from Plaintiff.

31. NRS 604A.425(1)(b) dictates that the monthly payment of a high-interest loan may not exceed 25 percent of the borrower's monthly income.

32. Plaintiff's income during the relevant period, however, was only approximately $2,200.00 gross per month.

33. Still, Rapid Cash illegally sought monthly payments of $634.44 from Plaintiff.

34. The demanded payments of $634.44 exceeded 25 percent of Plaintiff's monthly income and Rapid Cash thus violated NRS 604A.

35. Defendants knew that the amount that Rapid Cash sought from Plaintiff violated the law because they knew that payments of $634.44 would exceed 25 percent of Plaintiff's monthly gross income.

36. Plaintiff allegedly fell behind in payments under one of the Loan Agreements, and defaulted on the Debt.

37. Soon thereafter, Rapid Cash filed a lawsuit against Plaintiff in Justice Court, Las Vegas Township, bearing case number 17C007944, in an attempt to collect a debt under the Loan Agreements.

38. NRS 604A.900 provides a loan agreement "is void and the licensee is not entitled to collect, receive or retain any principal, interest or other charges or fees with respect to the loan" if the licensee willfully violates the provisions of NRS Chapter 604A.

39. Rapid Cash willfully violated NRS 604A.425 by providing loans to Plaintiff that exceeded the maximum amount allowable by law because Defendants knew that the monthly payments exceeded Plaintiff's monthly income.

40. Under NRS 604A.900, the Loan Agreements were void and neither Rapid Cash nor KSJ was authorized to collect any monies due under the Loan Agreement or to file the collection lawsuit against Plaintiff.

41. Because the Loan Agreements are void, Defendants violated the Fair Debt Collection Practices Act (the "FDCPA") by falsely representing the legal status of the debt associated with the Loan Agreement, and by attempting to collect a debt that Defendants were not entitled to collect.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

42. Defendant violated 15 U.S.C. § 1692e when they made false, deceptive, and misleading representations that Defendants were entitled to collect money from Plaintiff.

43. Defendants violated 15 U.S.C. § 1692e(2)(b) when they falsely represented that Defendants were entitled to collect money from Plaintiff.

44. Defendants violated 15 U.S.C. § 1692e(5) when they threatened to take action that cannot legally be taken.

45. Defendants violated 15 U.S.C. § 1692e(10) when they used false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer because Defendants were not lawfully allowed to collect debt from Plaintiff.

46. Defendants violated 15 U.S.C. § 1692f when they used unfair or unconscionable means to collect debt when Defendants were not entitled to collect money from Plaintiff.

47. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendants violated 15 U.S.C. § 1692f(1).

48. As a result of Defendant's actions, Plaintiff suffered from mental anguish, embarrassment, and emotional distress and was forced to hire an attorney to represent her in the Justice Court case, that Defendants should not have filed. Defendants thereby harmed Plaintiff, causing Plaintiff to suffer damages.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

49. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

50. Defendants' conduct violated 15 U.S.C. § 1692e when they made false, deceptive, and misleading representations that Defendants were entitled to collect money from Plaintiff.

51. Defendants' conduct violated 15 U.S.C. § 1692f when they used unfair and unconscionable means to collect debt when Defendants were not entitled to collect money from Plaintiff.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

53. Plaintiff is entitled to damages as a result of Defendants' violations.

54. Plaintiff suffered fear, stress, and anxiety because of Defendants' actions and has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF NRS 604A

55. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

56. Rapid Cash caused damages to Plaintiff by providing Plaintiff high-interest loans that exceeded 25 percent of her income.

57. NRS 604A.930 provides a private right of action for a violation of NRS 604A.425.

58. The Loan Agreements fall under NRS 604A.425 because it is a high-interest loan.

59.  The Loan Agreements are a violation of NRS 604A.425(1)(b) because the loan amounts exceeded 25 percent of Plaintiff's monthly income.

60.  Plaintiff has suffered actual and consequential damages due to Rapid Cash's conduct.

61.  As a result of Rapid Cash's violation of NRS 604A, Plaintiff is entitled to recover actual damages, punitive damages and attorneys fees and costs pursuant to NRS 604A.930.

62.  Further, as a result of Rapid Cash's willful violation of NRS 604A, Plaintiff is entitled to declaratory relief that the loan is void pursuant to NRS 604A.900.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant her the following relief against Defendants:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Actual and consequential damages in an amount to be determined at trial under NRS 604A.930(1)(a);
- Punitive damages pursuant to NRS 604A.930(1)(b) and NRS 42.005;
- Reasonable attorneys' fees and costs pursuant to NRS 604A. 930(1)(c);
- Declaratory judgment that the Loan Agreements are void, pursuant to NRS 604A.900; and
- Any other relief the Court may deem just and proper.

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148

1

**TRIAL BY JURY**

2    63.   Pursuant to the Seventh Amendment to the Constitution of the United States

3          of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5          DATED this 19th day of July 2017.

6                                        Respectfully submitted,

7

8                                        **KAZEROUNI LAW GROUP, APC**

9                                        By: /s/   Michael Kind

10                                       Michael Kind, Esq.
                                         6069 South Fort Apache Road, Suite 100
11                                       Las Vegas, Nevada 89148
                                         *Attorneys for Plaintiff Tonisha Anderson*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas. Nevada 89148